## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RANDALL GLENN ROSSBACH,
           Appellant,

       v.

DEPARTMENT OF THE INTERIOR,
           Agency.

DOCKET NUMBER
DC-315I-14-0066-I-1

DATE: February 17, 2016

# THIS ORDER IS NONPRECEDENTIAL[1]

Glenn L. Smith, Esquire, Grand Rapids, Michigan, for the appellant.

James Nicklas Holt, Jr., Knoxville, Tennessee, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1       The appellant has filed a petition for review of the initial decision, which dismissed his termination appeal for lack of jurisdiction and denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). For the reasons discussed below, we GRANT the appellant's petition

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

for review, VACATE the initial decision, and REMAND the appeal to the regional office for further adjudication in accordance with this order.

## BACKGROUND

¶2     Effective August 26, 2012, the agency appointed the appellant to a Maintenance Worker Supervisor position in the competitive service at Great Smoky Mountains National Park in North Carolina. Initial Appeal File (IAF), Tab 4 at 6-7, 15, 18. His appointment was subject to a 1-year probationary period and required him to possess or obtain a North Carolina Water Operators License (C-Well) within 1 year.[2] IAF, Tab 37 at 28.

¶3     On Thursday, August 22, 2013, the appellant emailed his supervisor requesting leave without pay (LWOP) under Executive Order (EO) 5396 due to a medical emergency.[3] IAF, Tab 18 at 8. On Saturday, August 24 and Sunday, August 25, the appellant sent text messages to his supervisor stating that he would be getting a heart catheterization on the next Monday and reiterating his request for leave under EO 5396. *See id.* at 9-10. According to a declaration made under penalty of perjury by C.S., the Deputy Chief of the appellant's division, the appellant's messages did not meet the requirements for requesting leave under EO 5396, but the agency nonetheless granted the appellant sick leave for 2 days. IAF, Tab 37 at 25.

¶4     On Friday, August 23, 2013, C.S. issued a notice to the appellant stating that the agency was terminating him effective that day due to his failure to obtain a C-Well license within 1 year of his appointment. IAF, Tab 4 at 7. The notice informed the appellant that his probationary period expired on August 25, 2013,

---

[2] While the appointment Standard Form 50 is not included in the record, the parties do not dispute the effective date of the appellant's appointment. *See, e.g.*, IAF, Tab 4 at 6-7, 18.

[3] EO 5396 entitles disabled veterans in the executive branch to annual leave, sick leave, or leave without pay to obtain necessary medical treatment, provided that the employee gives prior notice and provides appropriate medical documentation.

and that, as a probationary employee, his appeal rights were limited. *Id*. The agency mailed the notice by first-class mail to the appellant's residence in Michigan on August 23, 2013. *Id*. at 8. According to the appellant's declaration under penalty of perjury, C.S. informed him by telephone on Saturday, August 24 or Sunday, August 25, 2013, while he was still in the hospital, that he had been terminated. IAF, Tab 39 at 15.

¶5 On September 20, 2013, the appellant submitted a claim to the Department of Labor (DOL) alleging that the agency had violated his veterans' preference rights when it terminated him the day after he requested LWOP under EO 5396. IAF, Tab 4 at 17-20. By correspondence dated September 25, 2013, DOL notified the appellant that it would not investigate his claim but that he could file an appeal to the Board within 15 days of receipt of the letter. *Id.* at 21.

¶6 On October 24, 2013, the appellant appealed his termination to the Board and requested a hearing.[4] IAF, Tab 1. The administrative judge notified the appellant of the law and burdens of proof applicable to establishing jurisdiction over an appeal of a termination during an employee's probationary period and claims arising under VEOA.[5] IAF, Tab 2 at 2-3, Tab 20.

¶7 After affording the parties an opportunity to respond, the administrative judge found that the appellant had established jurisdiction over his VEOA claim but that he had failed to make a nonfrivolous allegation of jurisdiction over his probationary termination appeal, which would be dismissed for lack of jurisdiction. IAF, Tab 25. The administrative judge scheduled a hearing to be

[4] Due to the Government shutdown from October 1-17, 2013, all Board filing deadlines were extended by the number of days the Federal Government was shut down. Thus, the appellant's appeal was timely filed.

[5] The administrative judge also provided the appellant with jurisdictional notice regarding claims under the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333) (USERRA). IAF, Tab 19. The appellant subsequently clarified that he did not wish to pursue a USERRA appeal at that time, IAF, Tab 21, and, accordingly, the administrative judge informed the parties that she would not adjudicate a USERRA claim, IAF, Tab 25 at 3.

held in Arlington, Virginia. IAF, Tab 29. The appellant submitted a request to change the hearing location to Detroit, Michigan, near where he lived, or to hold a hearing by videoconference. IAF, Tab 30 at 4. The appellant stated that, if the hearing could not be moved or held by videoconference, then he would have to withdraw his request for a hearing because he lacked the financial resources to travel. *Id.* The administrative judge found that the appellant had withdrawn his request for a hearing and canceled the hearing. IAF, Tab 34.

¶8 In an initial decision based on the written record, the administrative judge dismissed the appellant's termination appeal for lack of jurisdiction, finding that he was terminated during his probationary period for conduct that occurred after his appointment and that he had not alleged that his termination was based on partisan political reasons or marital status discrimination. IAF, Tab 40, Initial Decision (ID) at 3-7. The administrative judge found Board jurisdiction over the VEOA claim but determined that the appellant had failed to show by a preponderance of the evidence that the agency violated one or more of his statutory or regulatory veterans' preference rights. ID at 7-12. Thus, the administrative judge denied the appellant's request for corrective action under VEOA. ID at 12.

¶9 The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 3. The agency has responded in opposition to the petition for review. PFR File, Tab 7.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant made a nonfriviolous allegation of Board jurisdiction over his termination appeal.

¶10 To establish Board jurisdiction under 5 U.S.C. chapter 75, an individual must, among other things, show that he satisfies one of the definitions of "employee" in 5 U.S.C. § 7511(a)(1). 5 U.S.C. § 7513(d); *Sosa v. Department of Defense*, 102 M.S.P.R. 252, ¶ 6 (2006). For an individual, like the appellant, who was appointed to a position in the competitive service, this means that he must

either: (1) not be serving a probationary or trial period under an initial appointment; or (2) have completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less.[6] 5 U.S.C. § 7511(a)(1)(A). The appellant has the burden of proof on the issue of jurisdiction, 5 C.F.R. § 1201.56(b)(2)(i)(A), and, when an appellant makes a nonfrivolous allegation that the Board has jurisdiction over an appeal, he is entitled to a hearing on the jurisdictional question, assuming he requested a hearing and did not subsequently waive his right to a hearing. *See Liu v. Department of Agriculture*, 106 M.S.P.R. 178, ¶ 8 (2007). Nonfrivolous allegations of Board jurisdiction are allegations of fact that, if proven, could establish a prima facie case that the Board has jurisdiction over the matter at issue. *Id*.

¶11 A probationary period ends at the completion of the last day of the employee's tour of duty before his anniversary date. *Herring v. Department of Veterans Affairs*, 72 M.S.P.R. 96, 100 (1996); 5 C.F.R. § 315.804(b). A "tour of duty" is an employee's regularly scheduled hours and days of duty. *Hardy v. Merit Systems Protection Board*, 13 F.3d 1571, 1573 (Fed. Cir. 1994). Here, the appellant was appointed on August 26, 2012, and his 1-year anniversary date was August 26, 2013; thus, he completed his probationary period when he finished his last tour of duty on or before Sunday, August 25, 2013.

¶12 In the initial decision, the administrative judge found that the appellant completed his probationary period on Friday, August 23, 2013. ID at 5. The administrative judge does not cite anything to support this finding, and there is no evidence in the record to suggest that the appellant, a Maintenance Worker Supervisor, was not regularly scheduled to work weekends. In fact, the vacancy

---

[6] An individual in the competitive service who does not satisfy either definition may nevertheless have a regulatory right to appeal a termination to the Board if the agency terminated him for reasons arising before his appointment but failed follow the procedures of 5 C.F.R. § 315.805 in effecting the termination. 5 C.F.R. § 315.806.

announcement used to fill the appellant's position specifies that the position required the incumbent to work weekends. IAF, Tab 37 at 28. In addition, C.S.'s affidavit stated that the agency granted the appellant sick leave for Friday, August 23 and Saturday, August 24, 2013, which further suggests that the appellant was scheduled to work on the Saturday in question.[7] IAF, Tab 37 at 25. While this evidence suggests that the appellant's probationary period did not end until Saturday, August 24 or Sunday, August 25, 2013, we find it insufficient to establish the fact with adequate certainty.

¶13    To terminate a probationary employee in the competitive service for conduct occurring after his appointment, the agency must notify him "in writing as to why he is being separated and the effective date of the action." 5 C.F.R. § 315.804(a).[8] The Board has held that "the plain meaning of the regulatory language indicates that the employee is not terminated until he receives such notice since it is only 'by notifying him in writing' that termination of the employee's services is accomplished." *Lavelle v. Department of Transportation*, 17 M.S.P.R. 8, 15 (1983) (quoting 5 C.F.R. § 315.804), *modified on other grounds by Stephen v. Department of the Air Force*, 47 M.S.P.R. 672

---

[7] Although the agency has maintained throughout this appeal that the appellant's termination was effective on August 23, 2013, C.S.'s statement that the appellant was granted sick leave for August 24, 2013, suggests that the appellant remained in a pay status as an agency employee through at least Saturday, August 24, 2013. IAF, Tab 37 at 25. However, the parties have not provided the appellant's time and attendance records, and we are unable to verify the accuracy of C.S.'s statement.

[8] By contrast, removal of a tenured employee, i.e., an individual who satisfies the definition of "employee" at 5 U.S.C. § 7511(a)(1), may be taken only for such cause as will promote the efficiency of the service. 5 U.S.C. § 7513(a). Tenured employees against whom an adverse action, such as a removal, is proposed, are entitled to the procedures set forth at 5 U.S.C. § 7513(b), including advance written notice, an opportunity to answer, and a written decision setting forth the specific reasons for the action.

(1991).[9] An employee need not receive actual delivery of the agency's notice before the effective date of the termination so long as the agency's attempts to notify him were diligent and reasonable under the circumstances. *Id.* If the agency made diligent and reasonable attempts to effect service of the notice prior to the effective date of the action, then the Board will find that the employee received constructive delivery of the notice. *See id.* If an employee does not receive actual or constructive delivery of written notice of his termination until after the effective date of the action, the action is not effective until actual receipt of the notice by the employee. *See id.* at 16.

¶14      In this appeal, the administrative judge found that the appellant received the termination notice on August 23, 2013. ID at 6. On review, the appellant argues that this finding was in error and that, while he does not recall the exact date he received the written termination notice, he knows that he did not receive it until after he left the hospital on Monday, August 26, 2013. PFR File, Tab 3 at 10-12. As noted above, the agency mailed the termination notice by first-class mail to the appellant's residence in Michigan on August 23, 2013. IAF, Tab 4 at 7-8. We take administrative notice of the fact that first-class mail is not usually delivered on the same day that it is deposited in the mail, particularly when the delivery location is hundreds of miles from the point of mailing. *See* 5 C.F.R. § 1201.64 (stating that administrative notice may be taken of matters of common knowledge). Thus, we agree with the appellant that the administrative judge erred in finding that the appellant received the termination notice on August 23, 2013. Further, it does not appear that the agency took reasonable or diligent steps under the circumstances to afford the appellant prior notice; the Board has found that mailing a termination notice to an employee by certified mail on the effective

---

[9] Although *Lavelle* quotes a previous version of 5 C.F.R. § 315.804, the current version of the regulation contains the identical language regarding providing employees written notice of their termination.

date of the action was "completely inadequate to ensure prior service." *Lavelle*, 17 M.S.P.R. at 15.

¶15    In sum, the date the appellant completed his probationary period and the date he received notice of the termination are not clear from the evidence of record. Further, it does not appear that the appellant received notice of the termination notice prior to the effective date of the action. As such, the appellant has made allegations of fact that, if true, would establish Board jurisdiction over his adverse action appeal. *See Liu*, 106 M.S.P.R. 178, ¶ 8. Thus, he is entitled to a hearing on the jurisdictional question, assuming he requested a hearing and did not subsequently waive it. *See id.* Accordingly, we now address whether the appellant is entitled to a hearing.

The administrative judge erred in finding that the appellant withdrew his request for a hearing.

¶16    As noted above, the administrative judge scheduled the hearing to be held in Arlington, Virginia, IAF, Tab 29, and the appellant requested that the hearing be either moved to Detroit, Michigan, near where he lived, or held by videoconference, IAF, Tab 30 at 4. In his motion, the appellant stated that, if the hearing remained scheduled in Arlington, he would "have to withdraw his request for a hearing and submit the case on the record due to the lack of financial resources." *Id.* On the basis of the appellant's motion to change the hearing location, the administrative judge found that the appellant had withdrawn his request for a hearing, canceled the hearing, and ordered the parties to submit initial briefs. IAF, Tab 34.

¶17    An appellant who has requested a hearing may withdraw his request and have the administrative judge adjudicate his appeal on the record. *Shingles v. U.S. Postal Service*, 90 M.S.P.R. 245, ¶ 10 (2001). However, an appellant may only waive his right to a hearing by clear, unequivocal, or decisive action. *Id.* Further, the waiver must be an informed one. *Id.* An appellant's waiver of the

right to a hearing is informed when he has been fully apprised of the relevant adjudicatory requirements and options in his case. *Id.*

¶18        Here, the appellant did not clearly, unequivocally, or decisively waive his right to a hearing; rather, he asked for a new hearing location or a hearing by videoconference because he lacked the financial resources to travel.  IAF, Tab 30 at 4.  The appellant's statement that "he will have to withdraw his request for a hearing" was conditioned upon the administrative judge's denial of his request to move the hearing location to Detroit or hold a hearing by videoconference.  *See id.*  Moreover, the appellant's waiver of a hearing was not an informed one because the administrative judge did not inform him of his right to a hearing by telephone, by videoconference, or at a location other than Arlington, Virginia, and did not inform him of his right to request a postponement or continuance of the hearing and a dismissal of the appeal without prejudice.  *See Siman v. Department of Air Force*, 80 M.S.P.R. 306, ¶ 6 (1998); *Conant v. Office of Personnel Management*, 79 M.S.P.R. 148, 150-51 (1998).  Although the appellant has not specifically challenged the administrative judge's finding that he waived his right to a hearing on review, a right to a hearing is so fundamental a right that we have considered the issue sua sponte and find that the appellant did not waive his right to a hearing.  *See Siman*, 80 M.S.P.R. 306, ¶ 6 (raising issues related to withdrawal of a request hearing sua sponte).

¶19        As discussed above, the appellant has made a nonfrivolous allegation of jurisdiction and thus is entitled to the hearing that he requested and did not waive.  Accordingly, we remand this appeal to the administrative judge.  On remand, the administrative judge shall afford the appellant the option of a hearing in person or by videoconference and shall issue a new initial decision consistent with this order.[10]

---

[10] In considering the locations for a possible in-person hearing, the administrative judge should consider the location of the parties and witnesses in addition to the convenience of the Board.  *See* 5 C.F.R. § 1201.51(d).

<u>The administrative judge erred in deciding the appellant's VEOA claim without holding his requested hearing.</u>

¶20      The administrative judge found jurisdiction over the appellant's VEOA claim and, because she determined that he had waived his right to a hearing, denied corrective action on the basis of the written record. ID at 7-12. Although the Board's regulations permit adjudicating a VEOA claim on the merits without a hearing, an administrative judge may only do so where there is no genuine dispute of material fact and one party must prevail as a matter of law. 5 C.F.R. § 1208.23(b); s*ee Williamson v. U.S. Postal Service*, 106 M.S.P.R. 502, ¶ 8 (2007). As discussed above, however, the administrative judge erred in finding that the appellant had waived his right to a hearing. As such, on remand the administrative judge shall afford the appellant a hearing on the merits or make a determination that there was no genuine issue of material fact in dispute.

¶21      Lastly, we acknowledge that the appellant previously expressly stated his objection to bringing a USERRA claim "at this time" and we find no error in the administrative judge's decision not to adjudicate a USERRA claim. However, on remand, the administrative judge should allow the appellant the opportunity to amend his appeal to assert a USERRA claim.[11]

## ORDER

¶22      For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this remand order.

FOR THE BOARD:                  _____
                                          William D. Spencer
                                          Clerk of the Board

Washington, D.C.

---

[11] We make no finding about the preclusive effect this appeal may have on the appellant's ability to bring a USERRA claim at a later time.